Martin, J.
On the 3d of February, 1840, the defendant, as the plaintiff’s attorney, obtained a judgment against Sharbert, and, on the 17th March, 1841, purchased from the latter two slaves, in discharge of the price of which he assumed several debts of his vendor, and particularly that on which judgment had been obtained in the preceding year. On the 22d of July, *54 1S42, an execution on that judgment was issued, and levied on a tract of land, the sale of which was stayed by the plaintiff in a letter to the Sheriff, in which he expresses an opinion that the debt was due by the present defendant, and that he would be able to make it appear so. Shortly after, the present suit was brought, in order to obtain from the defendant the amount of Sharbert’s judgment, under the stipulation in favor of plaintiff in the act of the 17th March, 1841.
The defendant pleaded the general issue, and admitted that he had received Sharbert’s note from the plaintiff for collection; that he had brought suit thereon, and obtained a judgment; but averred, that he was unable to coerce payment. He alleged, that on his purchase of two slaves from Sharbert, several debts of the latter, including the plaintiff’s judgment, were enumerated as designed to be paid by the defendant out of the price of the slaves ; but that Sharbert reserved to himself the right of pointing out which of them should be paid, in case the total amount exceeded the price of the slaves; that he afterwards directed the defendant to pay part of these notes, equal in amount to the price of the slaves, without including among them the plaintiff’s judgment, which was done by the defendant, who took his receipt therefor on the 17th of August; 1842. That on the 22d of July, 1812, the defendant, finding that there would not be money in his hands to pay the defendant’s judgment, took out execution thereon, which was levied on a tract of land, the sale of which was stayed by the plaintiff. The respondent concludes by demanding $50 in reconvention, for his fee in the plaintiff’s suit against Sharbert.
The District Court rejected the plaintiff’s claim, and gave judgment against him for $30 on the reconvention; and he has appealed.
The deed of sale for the slaves, contains an absolute assumption of the plaintiff’s judgment against Sharbert, by the defendant. With the view of showing that the assumption was of a different character, the defendant’s counsel offered a paper subscribed by Sharbert, in which he states, that at the time of the sale of the slaves, it was thought the price would suffice to pay all the debts enumerated, but that this was found afterwards to *55 be otherwise; that he directed the defendant to leave the judgment unsettled ; and that defendant thereupon paid over the whole price under Sharberl’s directions. This paper bears date the 17th of August, 1842. The reading of it in evidence was objected to, on the ground that, having been given by a third party, it is irrelevant and cannot be opposed to the plaintiff. Unless the fact be sworn to, it could not be admitted to disprove the absolute character of the defendant’s assumption, in the sale of the slaves by an authentic act. Indeed, none of the facts stated in the paper under consideration, go so far as to support the allegation that the assumption was a qualified one. The paper, perhaps, proves the payment of the whole price of the slaves, it being the vendor’s receipt; but being sous seing privé, and its date not having been proved aliunde, it has none but the day of its production in court.
The plaintiff’s letter to the Sheriff having been read without opposition, is evidence of his acceptance of the defendant’s assumption. But it is contended on his part, that this acceptance was never notified to the defendant, until he had been discharged by the payment of the whole price of the slaves. He was notified of the plaintiff’s acceptance by the inception of the suit, if he was not otherwise before ; and, as the date of the act sous seing privé between himself and the plaintiff, must be that of its production in court, there is no evidence of the payment of the price before notice to the defendant of the plaintiff’s acceptance, which is in evidence in the plaintiff’s letter to the Sheriff, bearing date three days before the day on which the defendant alleges that he paid the price.
Until now we have considered the plaintiff and defendant as standing in no particular relation to each other ; but that of client and attorney, existed between them. The attorney owing fidelity to the client, was bound to hold on to any advantage he had acquired for the latter, and could not gratuitously part therewith. The plaintiff’s claim on Sharbert was a precarious one. Judgment had been obtained on it for upwards of a twelve month, without the collection of any part of it, although the debt was small, i. e. less than $300, when by the assumption of the debt it became safe. It was the duty of the latter immediately to in *56 form his client of the advantage thus gained, and the best way-in which this could have been done, was by the payment of the judgment. It appears that this was not only neglected, but that the defendant manifested his determination to deprive his client of the advantage he had gained for him, and that he forced him to institute the present suit. The relation in which the parties stood, bound the defendant to comply with his assumption, without waiting for the acceptance of the client, and notice thereof.
The District Court, in our opinion, erred. It is, therefore, ordered and decreed, that its judgment be annulled and reversed; and that the plaintiff recover from the defendant the sum of $269 76, with ten per cent interest from the 21st of May, 1839, till paid, the amount of the plaintiff’s judgment against Sharbert, and the costs of the suit in which it was obtained, (deducting therefrom the sum of $30, which, in our opinion, was properly allowed below on the reconvention,) with the costs of the suit in both courts.